Antoinette and Joseph Sloneem, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Niles Schore*, for petitioners.

*Linda M. Gunn*, Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, July 25, 1979:

Petitioners contend that reduction of their September 1977 assistance payments by the Department of Public Welfare (DPW) in a total amount of $74.30, to reflect wages earned from July 28, 1977 to August 12, 1977, was improper because assistance was their only income at the time they received the reduced assistance checks.

The Department asserts that it did no more than adjust the assistance to reflect non-recurring earned income; Petitioners argue that the Department's action was a recoupment of assistance.

After petitioner, Joseph Sloneem, informed the Department that he had begun working at the end of July, the Department sent him a notice on August 1 that, beginning August 18, 1977, the family's monthly grant would be adjusted to reflect his earnings. However, his employment terminated unexpectedly on August 12, and he promptly informed the county welfare office.

In the usual procedure, had Joseph Sloneem continued to work, the assistance checks beginning on August 18 would have been reduced to reflect the income earned.[1] Thus, if the unexpected cessation of work had been handled in the usual way, after the reduced second August check had been paid, a deficiency grant would have been authorized to compensate for the unexpected cessation of income and the September 6 check restored to the full amount of $151.00.

However, due to a departmental error, the Sloneems received their second August check in the full amount. Then, to reflect the earned income which had unexpectedly ceased, the Department reduced the two September checks by treating his earnings as non-recurring income; the Sloneem's checks of September 6 and September 20 were lowered by applying §183.23(c)(2) of the Pennsylvania Assistance Eligibility Manual (PAEM), 55 Pa. Code §183.23(c)(2), which reads in part:

A decrease in income, actual or estimated, will affect eligibility beginning with the first regular payment date after the decrease occurs.

---

[1] The delay occurs because of a 10-day advance notice requirement for any reduction in the assistance grant.

However, a deficiency grant may be authorized as provided in §227.24 of the Code (relating to procedures). *Income which was expected to continue but ceases prior to adjustment to two semimonthly assistance checks will not be treated as recurring income. It will be considered nonrecurring and the actual amount received will be adjusted on a monthly basis.* (Emphasis added.)

Petitioner received notice to that effect on August 17 and the Department reduced the two September checks to $113.90 each, from the full amount of $151.00.

If Petitioners are correct in the characterization of the procedure used by the Department as a recoupment of an overpayment, then their September checks could not have been reduced because PAEM 255.4 (i)(1), 55 Pa. Code §255.4(i)(1) precludes recoupment of an overpayment where the only current source of income is the assistance grant itself.

The Department agrees that it is possible that an adjustment of current assistance to reflect past earned income could be made so long after the actual receipt of the income that the adjustment could no longer be fairly characterized as anything other than a recoupment.

The only case directly addressing that issue is *Garcia v. Swoap,* 63 Cal. App. 3d 903, 134 Cal. Rptr. 137 (1976), which struck down a California regulation that provided for a two-month delay in adjusting for income received.

This case does not reach that extreme. The delay was only one month here. The second September check reflected the final reduction in the Sloneems' assistance, approximately one month after the termination of Joseph Sloneem's wages. Such a delay, caused in part by departmental regulations requiring advance notice of reduction in assistance, is not so

egregious as to work an unfair or undue hardship, where, as here, the assistance checks were reduced by relatively small amounts to reflect actual earnings. *Cf. Cooper v. Laupheimer*, 316 F. Supp. 264 E.D. Pa. (1970) (striking down a regulation providing for restitution of duplicate assistance payments by reduction of current grant by at least fifty percent of the semi-monthly grant).

We conclude that the assistance reduction was proper at the time made.

Petitioners have also attacked the Department's failure to grant a stay in the payment reduction pending disposition of the appeal on the merits as a corollary to petitioners' filing of their appeal from the notice of reduction.

The applicable departmental regulations[2] are based on the view that such a supersedeas is impossible to administer when the appeal is received after the last date on which the check in the reduced amount can be stopped, albeit before the date the check is due to be received.

---

[2] The Department's relevant regulations dealing with action to reduce or terminate read:

> In addition to the necessary information required, the Form PA 162-A must contain the date an appeal must be received in the County Assistance Office if the client wants to appeal the decision and have a determination made whether assistance will continue pending the hearing. The date to be specified will be ten calendar days from the date the Form PA 162-A is mailed.

PAEM §133.4(a)(1)(ii)(B).

> Timing and Effect on decision. The Advance Notice, Form PA 162-A, will be mailed at least ten days before the proposed action is taken. This means that the following will occur:
>
> (A) For cash grants, the Form PA 16-A will be sent to the client promptly, but no later than ten calendar days before the telephone hold deadline of the payment date for the action decided on by the County Assistance Office.

PAEM §133.4(a)(1)(iii).

We do not decide the question nor the validity of the regulations because, in view of our decision on the merits, those issues are moot.

## ORDER

AND Now, this 25th day of July, 1979, the order of the Department of Public Welfare, dated November 4, 1977, upholding the reduction of the assistance grants of Antoinette and Joseph Sloneem, is affirmed.